FILED

APR 22 2011

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY                        DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUISA E. SANCHEZ FAYARD,<br><br>                         Plaintiffs,<br>vs.<br><br>JANET NAPOLITANO, Secretary, USDHS, et. al.,<br><br>                         Defendants. | CASE NO. 10cv1109-BEN (WVG)<br><br>**(1) ORDER GRANTING DEFENDANTS' MOTION TO DISMISS OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT**<br><br>[Docket No. 8] |

Before this Court is Defendants' Janet Napolitano, Alejandro Mayorka, and Paul Pierre's ("Defendants") Motion to Dismiss or in the alternative, Defendants' Motion for Summary Judgment. For the reasons stated herein, the Motion to Dismiss is **GRANTED** and the Motion for Summary Judgment is **DENIED AS MOOT**.

## BACKGROUND

The following facts are undisputed. Petitioner Luisa Sanchez Fayard ("Plaintiff") entered the United States on June 18, 1994 on a visitor visa. On September 3, 1998 she married a U.S. citizen. On February 7, 2000 the U.S. Citizenship and Immigration Services ("USCIS") granted Plaintiff conditional lawful permanent resident status based on her marriage to a U.S. Citizen. On January 4, 2002 the USCIS removed the contingency and granted plaintiff the status of lawful permanent resident. In July of 2002 Plaintiff divorced. A few months after the divorce, Plaintiff's husband told

immigration officials that she paid him to marry her and to maintain the illusion of marriage.

On June 17, 2005 Plaintiff applied to become a naturalized citizen. On September 9, 2009 USCIS denied Plaintiff's application, in part because she allegedly failed to establish good moral character and provided false testimony in order to obtain an immigration benefit. On October 20, 2009 Plaintiff appealed that decision. Her appeal was denied.

On May 21, 2010 Plaintiff filed the instant petition for review of USCIS' decision denying her application. On September 7, 2010 removal proceedings were initiated against Plaintiff. On September 14, 2010 Defendants filed the Motion currently before the Court. Plaintiff filed an opposition, and Defendants filed a reply. The Court finds the Motion suitable for disposition without oral argument pursuant to Civil Local Rule 7.1.d.1.

## MOTION TO DISMISS

Under Federal Rule of Civil Procedure 12(b)(6), dismissal is appropriate if the plaintiff "fail[s] to state a claim upon which relief can be granted." That means dismissal is appropriate if taking all factual allegations as true, the complaint fails to state a plausible claim for relief on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556-57 (2007). The plausibility standard means that the complaint must state "enough facts to raise a reasonable expectation that discovery will reveal evidence of" the matter complained of. *Id.* at 556.

Plaintiff has petitioned this Court pursuant to 8 U.S.C. § 1421(c) for review of USCIS' decision denying her application for naturalization. Defendants argue this action should not go forward because 8 U.S.C. § 1429 prevents the courts from giving Plaintiff essential relief. This Court agrees.

The relevant procedural hurdle results from the interplay between §§ 1421(a), 1421(c), and 1429 of Title 8. Section 1421(a) gives the Attorney General the sole authority to naturalize citizens. However, § 1421(c) gives district courts the authority to review a denial of an application for citizenship.

> A person whose application for naturalization under this subchapter is denied, after a hearing before an immigration officer under section 1447(a) of this Title, may seek review of such denial before the United States district court for the district in which such person resides.

8 U.S.C. § 1421(c). At the same time, § 1429 provides that "no application for naturalization shall be considered by the Attorney General if there is pending against the applicant a removal proceeding." 8 U.S.C. § 1429.

The Ninth Circuit first addressed this issue in *Bellajaro v. Schiltgen*. 378 F.3d 1042, 1043 (9th Cir. 2004). The court found that § 1429 does not strip the courts of jurisdiction to review the denial of applications, but in cases where removal proceeding are pending "the scope of review is limited to 'such' denial." *Id.* at 1047. The court in *Bellajaro* did not address what remedies are available if, after a limited review, a court finds citizenship should be granted.

However, other courts have concluded that § 1421(a) prohibits all but the Attorney General from granting citizenship and the judiciary cannot order the Attorney General to do something that is barred by statute. *Ajlani v. Chertoff*, 545 F.3d 229, 238-41 (2d Cir. 2008) (affirming district court's determination that pending removal proceedings precluded it from stating a claim for naturalization relief); *Zayed v. United States*, 368 F.3d 902, 906 (6th Cir. 2004) (where removal proceedings were pending, "district court could not properly have ordered the Attorney General to grant [plaintiff's] application for naturalization"); *Todorovic v. Pierre*, 2010 U.S. Dist. LEXIS 134124, *5-6 (S.D. Cal. Dec. 20, 2010) ("[w]hile removal proceedings are pending, a district court cannot order the Attorney General to review the petitioner's application further"); *Aye Aye Kyi v. Chertoff*, 2008 U.S. Dist. LEXIS 98574, *9 (N.D. Cal. Dec. 5, 2008) ("even if the Court were to determine that the decision was in error, the Court could not grant Plaintiff effective relief, because it could not order the Attorney General to do something precluded by statute").

In this case, immigration authorities initiated removal proceedings against Plaintiff several months after she petitioned this court for review of her application for naturalization. However, the statute at issue does not specify any timing restriction and simply refers to pending removal proceedings. *Id.* at *10-11 (holding that the court could not grant Plaintiff relief, even though removal proceedings were initiated after Plaintiff filed her petition for review).

Plaintiff argues that even if this Court finds § 1429 prevents it from ordering the Attorney General to review her application the Court is still able to grant her other forms of relief. Specifically, Plaintiff asks for: (1) the right to confront all evidence against her; (2) a court order granting her

access to all evidence considered against her so that she may defend her legal status; and (3) a court order establishing that she is the prevailing party for the purposes of attorney's fees.

The first and second requests for relief relate to Plaintiff's ability to discover documents from Defendants. A key reason for discovery "is to reveal what evidence the opposing party has, thereby helping determine which facts are undisputed . . . and which facts must be resolved at trial." *Computer Task Group, Inc. v. Brotby*, 364 F.3d 1112, 1117 (9th Cir. 2004). Access to discovery is not a reason to go to trial, nor is it a claim for relief that a court may grant. Plaintiff does not seek access to Defendants' files simply to have them, she seeks the files in order to argue for naturalization. However, this is not an argument this Court can consider while removal proceedings are pending.

Plaintiff's request for attorney's fees is equally unpersuasive. Plaintiff asks the Court to declare her the prevailing party so that she may apply for fees. The relevant statute says "[a] party seeking an award of fees and other expenses shall, within thirty days of final judgment in the action, submit to the court an application for fees and other expenses which shows that the party is a prevailing party and is eligible to receive an award." 28 U.S.C. § 2412(d)(1)(B). Plaintiff must successfully state a claim for relief and prevail on that claim in order to apply for fees. Here, Plaintiff has failed to state a claim upon which relief can be granted. She is not a prevailing party entitled to fees under § 2412. Accordingly, the Court **GRANTS** Defendant's Motion to Dismiss.

## MOTION FOR SUMMARY JUDGMENT

In addition to the Motion to Dismiss, Defendants asked the court to consider in the alternative a Motion for Summary Judgment. (Docket No. 8.) Given the Court's dismissal of Plaintiff's claims in this action, Defendants' Motion for Summary Judgment is **DENIED AS MOOT**.

## CONCLUSION

In light of the above, the Court **GRANTS** Defendant's Motion to Dismiss.

**IT IS SO ORDERED.**

Date: April 21, 2011

The Honorable Roger T. Benitez
United States District Court Judge